Territorial Law Library

FILE

2012 JAN 10 PM 4:00

COURT OF GUAM

IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| THOMAS M. TARPLEY, JR. AND ANNAROSE E. TARPLEY, | CIVIL CASE NO. CV1657-09 |
| Plaintiffs, | |
| v. | DECISION AND ORDER ON PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO ENFORCE SETTLEMENT AGREEMENT OR TO AMEND ANSWER |
| NORTH EAST ENTERPRISES, LLC dba NORTH EAST CONSTRUCTION AND CHUNG KUO INSURANCE COMPNAY, LTD. | |
| Defendants. | |

## INTRODUCTION

This matter came before the Court on August 22, 2011 on Defendant North East Enterprises, LLC's Motion to Enforce Settlement Agreement or Amend Answer. Attorney Helkei S. Hemminger represented Defendant North East Enterprises, LLC. Attorney Thomas M. Tarpley, Jr. represented himself and Plaintiff Anarose E. Tarpley. After considering the parties' written and oral arguments the Court now issues its Decision and Order.

## FACTUAL BACKGROUND

This case involves a breach of contract claim stemming from the construction of a residential building in Piti, Guam. The parties ultimately reached an agreement to settle the case and signed a Settlement Agreement ("Agreement"). Under the Agreement plaintiffs agreed to pay $32,599.05 to the defendant in exchange for the parties' mutual release of all related legal claims. The parties could not initially agree on the mode of payment: plaintiffs indicated that

ORIGINAL

-1-

they preferred to pay with a credit card while defendant requested a lump sum cash payment. Defendants argued that the funds could be paid from the "retainage" account under which money was withheld by plaintiffs as security for completion of the project. However, plaintiffs informed the defendant that the money had been withdrawn. After some discussion, defendant finally agreed to facilitate a credit card transaction. Defendant coordinated with Olie's Tavern ("Olie's"), which agreed to accept credit card payment on defendant's behalf. On March 22, 2011, Olie's ran plaintiffs' credit card. It appeared to the parties that the transaction had gone through and both defendant and plaintiffs acknowledged the Settlement Agreement. However, the following day Bank of Hawaii informed Olie's that the credit card transaction had been suspended and that no funds would be released until Olie's produced documentation verifying a sale in the amount of $32,599.05. Olie's could not produce documentation of a "sale" and rather than attempt to provide supporting documentation, Defendant and Olie's decided to cancel the transaction. As a result, seven days after the original transaction plaintiffs received a $32,599.05 refund on the credit card. The parties were apparently unable to reach an agreement regarding future payment of the settlement funds and defendant felt compelled to file the instant Motion to Enforce the Settlement Agreement or to Amend Answer.

## DISCUSSION

### I.    Jurisdiction

Generally, in a case that has been dismissed, enforcement of a settlement agreement requires an independent basis for jurisdiction. See Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 378, 114 S. Ct. 1673, 1675-76, 128 L. Ed. 2d 391 (1994). However, in the present action this Court has not issued an order dismissing the claims or closing the case following the entry of the Settlement Agreement. As such, this Court find that it continues to exercise jurisdiction over this matter, including the ancillary settlement agreement, pursuant to title 7, section 3105 of the Guam Code.

-2-

## II. The Motion to Enforce

Defendant filed the present motion arguing that it has not been paid any money owed to it under the Agreement. Defendant therefore requests that this court order plaintiffs to pay $32,599.05 to defendant. Alternatively, defendant requests leave of the court to allow defendant to amend its answer to include a counterclaim relating to the lack of money in the retainer account. Plaintiffs oppose the motion to enforce arguing that under Guam law they have fulfilled their payment obligation. Plaintiffs further assert that the defendant's motion essentially amounts to a motion for summary judgment and that plaintiffs should be allowed to conduct further discovery to inquire as to the cause of the failed credit card transaction.

### a. *Standard of Review:*

On a motion to enforce a settlement agreement, the issue is typically whether there is any dispute of material fact regarding the terms of the agreement and thus courts treat such motions under the same standard as a motion for summary judgment. See Washington v. Klem, 388 F. App'x 84, 85 (3d Cir. 2010) (citing Tiernan v. Devoe, 923 F.2d 1024, 1031 (3d Cir.1991)). Summary judgment is proper when the pleadings, discovery materials, and affidavits "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Guam Rule Civil Procedure 56(c). The Court will draw inferences in favor of the non-moving party and view the evidence in a light most favorable to the non-moving party. Edwards Corp. v. Kawasho Int'l, Inc., 2000 Guam 27 ¶ 7.

### b. *Analysis*

The only material fact regarding this settlement dispute is whether plaintiffs paid the defendant. Plaintiffs do not dispute the fact that the funds intended to be paid to Olie's were refunded to plaintiff. Instead, plaintiffs assert that despite the fact that they were refunded the amount, they have nevertheless fulfilled their payment obligation as a matter of law. In support

of this contention plaintiffs offer a credit card statement showing a charge of $32,599.05. In addition, plaintiffs cite various laws contained in title 18, chapter 22 of the Guam Code:

**§ 8214. Effect of direction by creditor.** If a creditor, or any one of two or more joint creditors, at any time directs the debtor to perform his obligation in a particular manner, the obligation is extinguished by performance in that manner, even though the creditor does not receive the benefit of such performance.

**§ 8216. What is payment.** Performance of an obligation for the delivery of money only is called payment.

**§ 82216. Extinction of pecuniary obligation.** An obligation for the payment of money is extinguished by a due offer of payment, if the amount is immediately deposited in the name of the creditor, with any bank licensed to do business in Guam and notice thereof is given to the creditor.

**§ 82217. Objection to mode.** All objections to the mode of an offer of performance, which the creditor has an opportunity to state at the time to the person making the offer, and which could have been obviated by him are waived by the creditor, if not then stated.

**§ 82220. Affect on offer of accessories of obligation.** An offer of payment or other performance, duly made, though the title to the thing offered be not transferred to the creditor, stops the running of interest on the obligation, and has the same effect upon all its incidents as a performance thereof.

Plaintiffs argue that they paid according to the terms of the Agreement, which resulted in a withdrawal of funds from their bank account and thus, under the above statutes, they have fulfilled their payment obligations.

Contrary to plaintiffs' arguments, the above statutes, combined with plaintiffs' affidavit, support a finding, as a matter of law, that plaintiffs did not effect proper payment. Collectively, the cited statutes state that a debtor who submits payment as directed by a creditor will be deemed to have fulfilled any payment obligation. In this case, plaintiffs were directed to pay $32,599.05 to Olie's by credit card. Plaintiffs *attempted* payment, but due to intervening acts by the Bank of Hawaii Olie's did not *receive* payment. The final destination of the funds was not Olie's account, as the parties intended. The funds were instead credited back to plaintiffs' credit card. (Decl. of Thomas M. Tarpley Jr., in Supp. of Opp. to Def.'s Mot. to Enforce Settlement,

-4-

Exh. 7; Affidavit of Helkei S. Hemminger in Supp. of Mot. to Enforce Settlement Agreement, Exh. J.) Though defendant likely could have better anticipated and planned for the facilitation of the credit card transaction, there is no indication that defendant acted maliciously or in bad faith regarding its decision to cancel the already suspended transaction. And this Court acknowledges that plaintiffs are certainly not to blame for the failed payment. Nevertheless, based on the undisputed fact that plaintiffs received a full refund of the attempted payment this Court concludes that the failed credit card transaction did not, as a matter of law, constitute payment in full of plaintiffs' obligation.

Plaintiffs owe $32,599.05 under the Agreement. Because the Agreement was signed only after the parties agreed that a credit card transaction would serve as the mode of payment, these payment terms form part of the settlement contract. Defendant must make every lawful attempt to facilitate a credit card transaction unless the parties consent to an alternative mode of payment.

## CONCLUSION

Based on the foregoing, defendant's Motion to Enforce Settlement Agreement is GRANTED. A Scheduling Conference is set for March 5, 2012 at 2:00 p.m.

It is **SO ORDERED** this 9th day of January, 2012.

JAN 09 2012

_____
HONORABLE ALBERTO C. LAMORENA III
Presiding Judge, Superior Court of Guam

I do hereby certify that the foregoing is a full true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam.

JAN 1 2012

Domingo M. Nego
Deputy Clerk, Superior Court of Guam

CUTS

that argues that it complied with Defendants payment requests and that it is legally released of all liability, despite Plaintiff's apparent acknowledgement that Plaintiff, not Defendant, is currently in possession of the $32,599.05 of settlement funds. See Plaintiff's Exh. 7 showing a refund.

The parties in this case dispute whether Plaintiffs fulfilled their payment obligation under the terms of the Settlement Agreement. Plaintiff argues that its offer of credit card payment in the amount agreed upon in the Settlement Agreement relieved Plaintiff of all obligations owed under that agreement, despite the fact that Plaintiffs continue to possess the allegedly paid funds.

"The construction and enforcement of settlement agreements are governed by principles of local law which apply to interpretation of contracts generally." *Jeff D. v. Andrus*, 899 F.2d 753, 759 (9th Cir.1989).

The acknowledgement of payment in a written instrument is prima facie evidence of payment. Schaffer v. Volbe, 117 Ga. App. 118, 159 S.E.2d 924 (1968). However, by definition prima facie evidence may be rebutted by introduction of contradictory evidence. See Black's Law